# 22-0547-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

———

RAYMOND ZDUNSKI,

*Plaintiff-Appellant,*

vs.

ERIE 2-CHAUTAUQUA-CATTARAUGUS BOCES, DAVID O'ROURKE,
in his official capacity, JOHN O'CONNOR, in his official capacity,
BRIAN LIEBENOW, LAURIE BURGER, TRACY SMITH-DENGLER,

*Defendants-Appellees.*

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

———

**BRIEF FOR DEFENDANTS-APPELLEES**

———

FELDMAN KIEFFER, LLP
ADAM C. FERRANDINO, ESQ.
*Attorneys for Defendants-Appellees*
110 Pearl Street, Suite 400
Buffalo, New York 14202
Telephone: (716) 852-5875
Email: AFerrandino@feldmankieffer.com

BATAVIA LEGAL PRINTING, INC.— Telephone (866) 768-2100

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES.................................................................................. ii

I. PRELIMINARY STATEMENT..........................................................................1

II. RELEVANT FACTS............................................................................................1

III. RELEVANT PROCEDURAL HISTORY..........................................................1

IV. ARGUMENT......................................................................................................2

   POINT I

   Plaintiff-Appellant's Continued Failure to Comply
with the District Courts' Scheduling Orders Renders
Plaintiff-Appellant's Fed. R. Civ. P. 56(d) Position Meritless ...............................2

   POINT II

   Awarding Summary Judgment was Proper Because
There are No Disputed Issues of Material Fact......................................................7

V. CONCLUSION...................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC,*
779 F.3d 182 (2d Cir. 2015) ...................................................................................4

*Gray v. Darien,*
927 F.2d 69 (2d Cir. 1991) .....................................................................................3

*Hollander v. Am. Cyanamid Co.,*
895 F.2d 80 (2d Cir. 1990) .....................................................................................6

*Spiegel v. Schulmann,*
604 F.3d 72 (2d Cir. 2010) .....................................................................................8

*United States v. Scully,*
877 F.3d 464 (2d Cir. 2017) ...................................................................................5

**Statutes and Other Authorities:**

Fed. R. Civ. P. (37) ..................................................................................................4

Fed. R. Civ. P. 56(c)(1) .........................................................................................11

Fed. R. Civ. P. 56(d) ..........................................................................................2, 3

## PRELIMINARY STATEMENT

Plaintiff-Appellant, RAYMOND ZDUNSKI appeals from the Order of the Hon. Geoffrey W. Crawford, J.S.C., entered on February 16, 2022, granting Defendants-Appellees, ERIE 2-CHAUTAUQUA-CATTARAUGUS BOCES, DAVID O'ROURKE, in his official capacity, JOHN O'CONNOR, in his official capacity, BRIAN LIEBENOW, LAURIE BURGER, and TRACY SMITH-DENGLER's (hereinafter referred to as "Defendants-Appellees") Motion for Summary Judgment. This Brief is submitted in opposition of Plaintiff-Appellant's Appeal.

## RELEVANT FACTS

Defendants-Appellees respectfully submit that the District Court accurately and correctly sets forth the relevant facts in the Order of the Honorable Geoffrey W. Crawford, dated February 16, 2022. Special Appendix SPA-1 – SPA-27. In the interest of preserving time and justice, Defendants-Appellees respectfully refer this Court to the District Court's recitation of the facts of the instant matter and incorporate those facts herein.

## RELEVANT PROCEDURAL HISTORY

With respect to Plaintiff-Appellant's recitation of the relevant procedural history for this matter, Defendants-Appellees are compelled to address the inaccuracy of the statements provided by Plaintiff-Appellant regarding the Rule 26

1

Disclosures. *See* Plaintiff-Appellant Appeal Brief, pg. 5. As demonstrated in Defendants-Appellees' Rule 26 Disclosure Responses, Defendants-Appellees provided Responses to Plaintiff-Appellant's Rule 26 Disclosures based on the information that they had, and which had already been previously disclosed. R. at A-291. As indicated by Defendants-Appellees, the documents requested by Plaintiff-Appellant had already been previously produced and were in possession of the Plaintiff-Appellant. Further, at no point during discovery did Plaintiff-Appellant request any additional copies of the information requested in the Rule 26 Disclosures that were previously sent to Plaintiff-Appellant. Further, Defendants-Appellees' decision to decline to respond to Plaintiff-Appellant's discovery demands was because they were not served in accordance with the Scheduling Orders provided by the District Court. R. at A-49 and A-55. The District Court declined to address this issue in its June 10, 2021 Order due to Plaintiff-Appellant's failure to comply with the April 2021 Scheduling Order. R. at A-265.

## ARGUMENT

## POINT I

**Plaintiff-Appellant's Continued Failure to Comply with the District Courts' Scheduling Orders Renders Plaintiff-Appellant's Fed. R. Civ. P. 56(d) Position Meritless.**

Plaintiff-Appellant argues that it was clear abuse of discretion for the District Court to deny discovery to Plaintiff-Appellant when the discovery deadline had not

2

yet elapsed pursuant to the so-ordered discovery schedule. *See* Plaintiff-Appellant Appeal Brief, pg. 8-9. It is well settled a plaintiff's failure to seek any discovery in the time provided by a district court's scheduling order and failure to show good cause for a reopening or extension of that order, is not an abuse of discretion of the lower court in cutting off discovery. *Gray v. Darien*, 927 F.2d 69 (2d Cir. 1991). As the District Court correctly noted, Plaintiff-Appellant never provided an affidavit identifying any specific reasons why it could not present facts essential to justify its opposition as required by Rule 56(d). Special Appendix SPA-8. Additionally, all prior discovery delays largely resulted from Plaintiff-Appellant's counsel joining a new law firm, undertaking an "extremely busy" schedule, and falling "woefully behind in meeting the agreed upon discovery deadlines." Special Appendix SPA-9; R. at A-128.

As referenced above, Defendants-Appellees' Rule 26 Disclosures dated July 7, 2021 included a list of individuals likely to have discovery information, internal BOCES human resources correspondence and documentation, BOCES policies and procedures, records of Plaintiff-Appellant's application for unemployment benefits, and extensive documentation from the prior proceedings before the New York State Division of Human Rights, which Defendants-Appellees noted contained the same affidavits submitted in support of Defendants-Appellees' Motion below. R. at A-291. Plaintiff-Appellant counsel's failure to depose any witnesses within the set

3

discovery schedule does not justify a finding that summary judgment was premature, especially where Plaintiff-Appellant had ample time and opportunity to notice a deposition. Special Appendix SPA-10. Simply stated, Plaintiff-Appellant was the sole reason discovery was not completed due to the willful failure to abide by the multiple Scheduling Orders. Therefore, Plaintiff-Appellant counsel's attempt to cast blame upon the District Court and Defendants-Appellees is misplaced and simply not true.

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders, including dismissing the action or proceeding in whole or in part. Courts have previously interpreted "willfulness," to refer to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained. *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182 (2d Cir. 2015).

It has been clearly documented and preserved in the Record that Plaintiff-Appellant willfully disregarded the Scheduling Orders, numerous mailings, and telephone messages from Defendants-Appellees regarding attempts to resolve discovery issues. In fact, the District Court astutely and correctly noted that Plaintiff-Appellant had the opportunity to confront the named witnesses in deposition, but no evidence was found that he ever attempted to do so. Special Appendix SPA-9 and

4

10. To the extent that Plaintiff-Appellant's assertion that Defendants-Appellees have precluded meaningful discovery in this case, the District Court found that the Plaintiff-Appellant had not been deprived of discovery materials[1] sufficient to support a delay in judgment because no evidence was proffered to show that the lack of meaningful and complete discovery was any party's fault other than the Plaintiff-Appellant. Special Appendix SPA-7 – 10.

Plaintiff-Appellant reiterates his arguments of Defendants-Appellees' lack of communication with counsel because Defendants-Appellees did not send correspondences via electronic mail ("email"), but within the correspondence contained in the Record, at no point did counsel for Plaintiff-Appellant request correspondence be sent via email only or that she was unable to be reached by postal mail. R. at A-115.

Plaintiff-Appellant also provides misleading case law that is hardly relevant to the instant matter at hand. In *United States v. Scully*, 877 F.3d 464 (2d Cir. 2017), the defendant argued that the court erred in admitting seized evidence that violated the Fourth Amendment, and the court reviewed the reasonableness of an officer's reliance upon a warrant issued by a magistrate. In the instant matter, the District

---

[1] Plaintiff-Appellant argues that the affidavits included in Defendants-Appellees' Motion for Summary Judgment were "new facts," (see Plaintiff-Appellant's Appeal Brief at pg. 12) which rendered a denial of the Summary Judgment Motion. However, Plaintiff-Appellant fails to mention to the Court that those affidavits and all of the facts contained therein, were in counsel's possession after Defendants-Appellees' filed their Division of Human Rights Answer submission of September 26, 2019. R. at 315.

5

Court's findings were not "clearly erroneous or influenced by an incorrect view of the law." After not having responded to numerous requests for Discovery Demand Responses, the District Court ordered a Discovery Schedule to be followed, which the Plaintiff-Appellant failed to adhere to. R. at A-127 – A-128; A-140 – A-142. Unlike the *Sully* matter where the warrant's description was not detailed enough for the search that was actually performed, and thus the search was considered unreasonable, the District Court provided a detailed schedule based upon the Plaintiff-Appellant's history of unresponsiveness and it was ignored.

Further, Plaintiff-Appellant's reliance on *Hollander v. Am. Cyanamid Co.,* 895 F.2d 80 (2d Cir. 1990), is misguided. In *Hollander*, there was one specific interrogatory that defendants failed to respond to that was alleged may uncover a pattern of older management employees leaving under unexplained circumstances. The Court of Appeals remanded the decision to allow for this specific piece of discovery. Again, the facts of the instant matter are wholly dissimilar. Plaintiff-Appellant was terminated because he failed to attend a mandatory training session. Plaintiff-Appellant was advised during a counseling meeting on May 21, 2018, after he preemptively refused to attend the mandatory make-up training session on May 22, 2018, that his ongoing refusal to attend the training was considered insubordination, which could result in termination of employment. R. at A-328 – A-329. The possibility of employment termination was also documented in a

6

Counseling Memorandum, which Plaintiff-Appellant reviewed and signed, and then again noted that he would not be going to the training. R. at A-359 – A-360. There is no pattern to uncover in this matter because this situation did not occur with any other employee. In fact, it is noted in the affidavit of Christine Mittner that two (2) other employees vocalized that they shared Plaintiff-Appellant's view, but they attended the training because it was mandatory. R. at A-352.

Plaintiff-Appellant was provided numerous opportunities to complete discovery, including taking the depositions of the Defendants-Appellees. However, Plaintiff-Appellant failed to take any steps whatsoever to facilitate and/or complete discovery, including following multiple Scheduling Orders. As a result, Plaintiff-Appellant's repeated failure to adhere to the Scheduling Orders forced the District Court to decide as it did. Therefore, it is respectfully requested that the District Court's decision granting Defendants-Appellees' Motion for Summary Judgment be affirmed.

## POINT II

**Awarding Summary Judgment was Proper Because There are No Disputed Issues of Material Fact.**

Summary judgment is appropriate only if it can be established that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, and on appeal, an appellate court may affirm a district court's

7

grant of summary judgment on any ground upon which the district court could have rested its decision. *Spiegel v. Schulmann*, 604 F.3d 72 (2d Cir. 2010).

Plaintiff-Appellant is seeking to hold Defendants-Appellees liable for the alleged failure to provide Plaintiff-Appellant with an accommodation and his subsequent employment termination for willful noncompliance. *See* Plaintiff-Appellant Appeal Brief, pg. 9. As set forth in Defendants-Appellees' previously pleadings filed with the Division of Human Rights and their Motion for Summary Judgment, all which were decided in Defendants-Appellees' favor, Title VII does not require Defendants-Appellees to accommodate Plaintiff-Appellant's religious beliefs because the accommodation would impose an undue hardship on the employer's business operations. Defendants-Appellees initiated the training as a District-wide response to changing cultural norms after it was brought to the attention of administration that an employee would be undergoing to process of transitioning. R. at A-432. As described to Plaintiff-Appellant at the time of the training, and detailed in the Record, the training was intended to protect marginalized members of the LGBTQ community, some of whom were "transitioning" at that time, from harassment and discrimination. R. at A-432. The training was necessary to teach <u>all</u> employees, regardless of their religious beliefs, the appropriate way to support and interact with that community. R. at A-432. It was affirmed and noted that the administrative staff of the Defendants-Appellees were

8

unable to identify a reasonable accommodation that did not weaken that message. R. at A-432, A-436. Plaintiff-Appellant has continually failed to provide any Court with factual or legal arguments to the contrary. There has been no evidence or argument provided that can show or demonstrate the training provided was going to undermine any type of religious beliefs, and that it was not merely going to provide information on how every employee can interact with a "transitioning" employee.

It was previously demonstrated and noted within the affidavits included in Defendants-Appellees' initial Division of Human Rights Answer and subsequent pleadings contained in the Record, that the accommodation request was evaluated but properly denied. All Defendants-Appellees' employees were required to attend the mandatory training, and it was specifically noted in the New York State Division of Human Rights determination that the training was <u>not religious</u> but related to preventing discrimination in the workplace. R. at A-251, A-434. The training was necessary to teach all employees the appropriate way to support and interact with that community, and Defendants-Appellees indicated they were unable to identify a reasonable accommodation that did not weaken that message. R. at A-432, A-436. The substance of the training had been provided numerous times to Plaintiff-Appellant, and then confirmed in the Division of Human Rights Decision, so there cannot be an issue of material fact as to the substance of the training and how it satisfied the stated objectives for said training. Further, there is no evidence that

other employees requested accommodations and whether those were granted or denied. Specifically, it is specifically noted in the affidavit of Christine Mittner that two (2) other employees vocalized that they shared Plaintiff-Appellant's view, but they attended the training because it was mandatory. R. at A-352.

Lastly, the process behind Plaintiff-Appellant's termination was in accordance with the termination proceedings followed by Defendants-Appellees and documented in the Record. R. at A-357 – A-360, A-365. Plaintiff-Appellant was directed to attend the training sessions and when he did not attend, a counseling session took place with Plaintiff-Appellant and his Union Representative. Plaintiff-Appellant signed off on a Counseling Memorandum following the session, but then failed to appear for the make-up training session. Plaintiff-Appellant acknowledged that his refusal to attend the training would constitute insubordination and he could be terminated as a consequence. R. at A-359 – A-360. Plaintiff-Appellant has continually failed to provide any evidence or legally sound argument that he was not afforded any due process for his termination. Special Appendix SPA-25 – SPA-26.

Finally, the District Court properly concluded that even drawing all reasonable inferences in Plaintiff-Appellant's favor, none of the facts alleged support the claim that his termination was tainted by an inference of unlawful discrimination. Special Appendix SPA-17. Rather, the facts alleged make clear that Defendants-Appellees' terminated Plaintiff-Appellant in response to his failure to

10

comply with his employer's policy mandating anti-discrimination training, even after Plaintiff-Appellant was made aware that his misconduct could result in termination. Special Appendix SPA-17. Further, to assert a genuine dispute of material fact, a party must cite to particular materials in the record that support their assertion. Fed. R. Civ. P. 56(c)(1). As previously held by the District Court, Plaintiff-Appellant's blanket denials of the allegations contained in the motion for summary judgment are insufficient to create a genuine dispute of material fact. Special Appendix SPA-17. Thus, Plaintiff-Appellant has failed to produce a scintilla of proof in admissible form sufficient to establish the existence of material issues of fact. Given the ample evidence provided in the Record, the claims Plaintiff-Appellant was not afforded an accommodation, that the mandatory training violated his religious beliefs, and that he was not afforded proper process for his termination are simply untrue and contradicted by the evidence before this Court. In sum, no facts in the Record support a finding that Plaintiff-Appellant was terminated because of his religion; rather, the overwhelming evidence in the Record supports Defendants-Appellees' position that his termination was due to repeatedly refusing to attend a mandatory employee training. R. at A-357 – A-360, A-365. The District Court correctly dismissed Plaintiff-Appellant's Complaint, stating that unsupported factual allegations contained in a complaint are not evidence, and as a result, it is respectfully requested that the District Court's decision granting Defendants-

Appellees' Motion for Summary Judgment be affirmed. Special Appendix SPA-17 – SPA-19.

## **CONCLUSION**

Based on the forgoing, it is respectfully submitted that the Trial Court was correct in granting Defendants-Appellees' Motion for Summary Judgment, and the Order entered February 16, 2022 must be affirmed.

Dated: Buffalo, New York
      July 28, 2022

                              ___s/Adam C. Ferrandino_____
                              Adam C. Ferrandino, Esq.
                              FELDMAN KIEFFER, LLP
                              *Attorneys for Defendants-Appellees*
                              ERIE 2-CHAUTAUQUA-CATTARAUGUS BOCES,
                              DAVID O'ROURKE, in his official capacity,
                              JOHN O'CONNOR, in his official capacity,
                              BRIAN LIEBENOW,
                              LAURIE BURGER, and
                              TRACY SMITH-DENGLER
                              1000 Rand Building
                              14 Lafayette Square
                              Buffalo, New York 14203
                              (716) 852-5875

CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of LR 32.1 (a)(4) because this brief contains  2,530  words, excluding the parts of the brief exempted by Fed. App. P. 32(f).

This brief complies with the typeface requirements of Fed. App. P. 32(a)(5) and the type style requirements of Fed. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word software in 14 font with a Times New Roman style.